1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| KYLE MALBRUE,<br><br>                Plaintiff,<br><br>     v.<br><br>JAMES MORALES, et al.,<br><br>                Defendants. | Case No. CV 20-5888-DOC (AS)<br><br>**ORDER DISMISSING COMPLAINT**<br><br>**WITH LEAVE TO AMEND** |

**INTRODUCTION**

On June 25, 2020, Kyle Malbrue ("Plaintiff"), a California inmate proceeding <u>pro se</u>, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). The Court has screened the Complaint as prescribed by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the reasons discussed below, the Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.[1]

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval from the district judge. <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

1

**PLAINTIFF'S COMPLAINT**

2

3      Plaintiff claims that the following four Defendants, sued in

4   their individual and official capacities, violated Plaintiff's

5   Eighth Amendment rights at California State Prison – Los Angeles

6   County ("CSP-LAC") in Lancaster, California: (1) correctional

7   officer James Morales, (2) correctional officer Daniel Chavez-

8   Vasques, (3) correctional officer James Alvarado, and (4) licensed

9   psychiatric technician T. Lundgren. (Complaint at 3-6).[2] He seeks

10  monetary relief. (Id. at 7).

11

12      Plaintiff alleges that on September 8, 2019, he was

13  approaching the medication window for his scheduled dose when

14  Officer Morales confronted him and began making "disrespectful

15  sexual comments." (Id. at 5). Plaintiff and Morales started

16  arguing, which continued after Plaintiff took his medication.

17  (Id.). Plaintiff states that he then told Morales he "would be

18  making a complaint," and started walking away. (Id.). At that

19  point, according to Plaintiff, Morales "charged" into Plaintiff

20  from behind, causing Plaintiff to hit his head on the concrete.

21  (Id.). Plaintiff alleges that Morales began punching Plaintiff in

22  the face and head, and he sounded the institutional alarm,

23  summoning Officer Chavez-Vasquez and Officer Alvarado, who joined

24  in by punching and kicking Plaintiff. (Id.). Plaintiff alleges

25

26

27      [2] Citations to the Complaint refer to the page numbers assigned
by the Court's electronic case filing system (CM/ECF).

28

2

1    that the officers then grabbed his arms, handcuffed him, and

2    continued striking him.  (Id.).

3

4        Plaintiff was sent to the hospital and treated for injuries

5    to his face, head, eye, and wrist.  (Id. at 5-6).  According to

6    Plaintiff, he later returned to the prison to find that the

7    officers, in an effort to "cover up" their own misconduct, had

8    falsely accused him of battery on the staff.  (Id. at 6).  Plaintiff

9    alleges that he was "also denied a[n] excessive force videotape

10   interview on the date of the incident," and had to file an appeal

11   to obtain the interview.  (Id.).

12

13       Plaintiff additionally alleges that Lundgren, a licensed

14   psychiatric technician, denied "medical treatment" to Plaintiff,

15   falsely claiming that Plaintiff had refused the treatment "by

16   writing 'Naw, I'm good'" on a form.  (Id.).  Lundgren was then

17   overruled by a supervisor after Plaintiff continued to complain of

18   his injuries.  (Id.).

19

20                         **STANDARD OF REVIEW**

21

22       Congress mandates that district courts initially screen civil

23   complaints filed by prisoners seeking redress from a governmental

24   entity or employee.  28 U.S.C. § 1915A.  A court may dismiss such

25   a complaint, or any portion thereof, if the court concludes that

26   the complaint: (1) is frivolous or malicious, (2) fails to state a

27   claim upon which relief may be granted, or (3) seeks monetary

28   relief from a defendant who is immune from such relief.  Id.

1  § 1915A(b); see also id. § 1915(e)(2) (The court "shall dismiss

2  the case at any time if the court determines that . . . the

3  action . . . (i) is frivolous or malicious; (ii) fails to state a

4  claim on which relief may be granted; or (iii) seeks monetary

5  relief against a defendant who is immune from such relief."); 

6  accord Lopez v. Smith, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000)

7  (en banc).  In addition, dismissal may be appropriate if a complaint

8  violates Rule 8 of the Federal Rules of Civil Procedure. McHenry

9  v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast

10  Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

11

12       In considering whether to dismiss a complaint, a court is

13  generally limited to the pleadings and must construe "[a]ll factual

14  allegations set forth in the complaint . . . as true and . . . in

15  the light most favorable" to the plaintiff.  Lee v. City of Los

16  Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

17  Moreover, pro se pleadings are "to be liberally construed" and

18  "held to less stringent standards" than those drafted by a lawyer.

19  Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citation omitted).

20  Nevertheless, dismissal for failure to state a claim can be

21  warranted based on either the lack of a cognizable legal theory or

22  the absence of factual support for a cognizable legal theory.

23  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th

24  Cir. 2008).

25

26

27

28

4

1

**DISCUSSION**

2

3        Plaintiff's Complaint warrants dismissal due to the

4   deficiencies discussed below.  Leave to amend is granted, however,

5   because it is not "absolutely clear that the deficiencies of the

6   complaint could not be cured by amendment."  <u>Akhtar v. Mesa</u>, 698

7   F.3d 1202, 1212 (9th Cir. 2012).

8

9        First, while Plaintiff purports to sue every Defendant in both

10  their individual and official capacities (Complaint at 3-4), he

11  fails to state any official-capacity claim.  Official-capacity

12  suits provide "another way of pleading an action against an entity

13  of which an officer is an agent."  <u>Monell v. Dep't of Soc. Servs.</u>,

14  436 U.S. 658, 690 n.55 (1978).  Because Defendants are employed or

15  contracted by CDCR, claims against them in their official

16  capacities are effectively claims against the State of California.

17  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) (official-capacity

18  suits "generally represent only another way of pleading an action

19  against an entity of which an officer is an agent"); <u>Community</u>

20  <u>House, Inc. v. City of Boise, Idaho</u>, 623 F.3d 945, 966-67 (9th Cir.

21  2010) (an official capacity suit is treated as a suit against the

22  entity).  To state a claim against a state officer in his or her

23  official capacity, Plaintiff must identify a custom, policy, or

24  practice of the state or prison that is responsible for the conduct

25  alleged in the Complaint.[3]  <u>See</u> <u>Gomez v. Vernon</u>, 255 F.3d 1118,

26  _____

27        [3] Even if the Complaint stated official-capacity claims, only
    declaratory or injunctive relief would be available for such
28  claims.  The Eleventh Amendment bars suits for damages against

5

1   1127 (9th Cir. 2001) (state prison administrators sued for

2   injunctive relief were "liable in their official capacities only

3   if policy or custom played a part in the violation of federal

4   law"); Tyson v. Ratelle, 166 F.R.D. 442, 446 (C.D. Cal. 1996) ("To

5   warrant injunctive relief under Section 1983, . . . there must be

6   an affirmative link or a causal relationship between the

7   constitutional deprivation and the adoption of a policy, express

8   or implied, showing the official's authorization or approval of

9   the conduct leading to the constitutional deprivation." (citing

10  Rizzo v. Goode, 423 U.S. 362, 371 (1976))). Plaintiff fails to

11  allege any facts demonstrating that his harms resulted from any

12  policy, practice, or custom of the State of California or its

13  agencies.

14

15      Second, Plaintiff fails to state any claim against Defendant

16  Lundgren. Plaintiff claims Lundgren, a licensed psychiatric

17  technician, violated the Eighth Amendment through deliberate

18  indifference by denying "medical care" to Plaintiff, and falsely

19  claiming that Plaintiff had refused treatment. (Complaint at 6).

20  To establish an Eighth Amendment deliberate indifference claim, a

21  prisoner must show (1) that the deprivation suffered was

22  "objectively, sufficiently serious" (i.e., the objective

23  component), and (2) that prison officials were deliberately

24  ────────────────────────────────
    states and their official arms. Howlett v. Rose, 496 U.S. 356,
25  365 (1990); Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th
    Cir. 2009) ("The State of California has not waived its Eleventh
26  Amendment immunity with respect to claims brought under § 1983 in
    federal court, and the Supreme Court has held that § 1983 was not
27  intended to abrogate a State's Eleventh Amendment immunity.")
    (citation omitted).
28

6

indifferent to his safety in allowing the deprivation to take place (i.e., the subjective component). <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). A plaintiff can satisfy the objective component of the deliberate indifference standard by demonstrating that a failure to treat the plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain. <u>Colwell v. Bannister</u>, 763 F.3d 1060, 1066 (9th Cir. 2014). A plaintiff can satisfy the subjective component of the deliberate indifference standard by showing that a prison official "knows of and disregards an excessive risk to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004). A jail official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Here, Plaintiff's vague allegations against Lungren fail to demonstrate either the objective or subjective components of the claim. First, because Plaintiff does not specify what "medical treatment" Lundgren refused to provide, or for what particular injuries, he does not demonstrate any objectively serious harm. Moreover, because Plaintiff states that Lundgren's supervisor "overruled" Lundgren's decision, it is unclear whether any harm at all resulted from Lundgren's actions. (<u>See</u> Complaint at 6). Second, Plaintiff fails to allege any facts showing that Lundgren was actually aware of Plaintiff's injuries and the need for treatment. As such, Plaintiff fails to demonstrate that Lundgren

1  was deliberately indifferent in violation of Plaintiff's Eighth
2  Amendment rights.

3

4                            **CONCLUSION**

5

6       For the reasons discussed above, the Court DISMISSES
7  Plaintiff's claims WITH LEAVE TO AMEND.

8

9       If Plaintiff still wishes to pursue this action, he shall file
10 a First Amended Complaint no later than 30 days from the date of
11 this Order.  The First Amended Complaint must cure the pleading
12 defects discussed above and shall be complete in itself without
13 reference to the Complaint.  See L.R. 15-2 ("Every amended pleading
14 filed as a matter of right or allowed by order of the Court shall
15 be complete including exhibits.  The amended pleading shall not
16 refer to the prior, superseding pleading.").  This means that
17 Plaintiff must allege and plead any viable claims in the Complaint
18 again.

19

20      In any amended complaint, Plaintiff should identify the nature
21 of each separate legal claim and confine his allegations to those
22 operative facts supporting each of his claims.  For each separate
23 legal claim, Plaintiff should state the civil right that has been
24 violated and the supporting facts for that claim only.  Pursuant
25 to Federal Rule of Civil Procedure 8(a), all that is required is a
26 "short and plain statement of the claim showing that the pleader
27 is entitled to relief."  However, Plaintiff is advised that the
28 allegations in the First Amended Complaint should be consistent

1     with the authorities discussed above.   In addition, the First

2     Amended Complaint may not include new defendants or claims not

3     reasonably related to the allegations in the previously filed

4     complaint.   Plaintiff is strongly encouraged to utilize the

5     standard civil rights complaint form when filing any amended

6     complaint, a copy of which is attached.

7

8       Plaintiff is explicitly cautioned that failure to timely file

9     a First Amended Complaint, or failure to correct the deficiencies

10     described above, may result in a recommendation that this action,

11     or portions thereof, be dismissed with prejudice for failure to

12     prosecute and/or failure to comply with court orders. <u>See</u> Fed. R.

13     Civ. P. 41(b); <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d

14     884, 891 (9th Cir. 2019) ("The failure of the plaintiff eventually

15     to respond to the court's ultimatum - either by amending the

16     complaint or by indicating to the court that it will not do so -

17     is properly met with the sanction of a Rule 41(b) dismissal."

18     (emphasis omitted; quoting <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d

19     1058, 1065 (9th Cir. 2004))).   Plaintiff is further advised that

20     if he no longer wishes to pursue this action in its entirety or

21     with respect to particular defendants or claims, he may voluntarily

22     dismiss all or any part of this action by filing a Notice of

23     Dismissal in accordance with Federal Rule of Civil Procedure

24     41(a)(1).   A form Notice of Dismissal is attached for Plaintiff's

25     convenience.

26

27

28

1      **IT IS SO ORDERED.**

2

3    Dated: August 11, 2020

4                                                    _____/s/_____
                                                                ALKA SAGAR
5                                                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28